FILED

APR 27 2021

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DIANNE HOWELL,<br><br>                Plaintiff,<br><br>vs.<br><br>WALWORTH COUNTY SOUTH DAKOTA<br>and MOBRIDGE REGIONAL HOSPITAL,<br><br>                Defendants. | 1:20-CV-01025-CBK<br><br>MEMORANDUM OPINON AND ORDER |

      Plaintiff filed a *pro se* complaint for violation of her civil rights arising out of an alleged forced catheterization which took place in September 1997 at the Mobridge Regional Hospital at the direction of Mobridge, South Dakota, law enforcement officers. Defendants filed motions to dismiss.

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). "A pro se complaint must be liberally construed, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and 'pro se litigants are held to a lesser pleading standard than other parties[,]' Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008)." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014).

**I. Limitations.**

      "A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." Wong v. Wells Fargo Bank N.A., 789 F.3d 889, 897 (8th Cir. 2015). That is the case here. Plaintiff contends that the forced catheterization, upon which she bases her claim, occurred in September 1997, over 23 years after she filed her federal complaint.

The length of the statute of limitations in a § 1983 action "is that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). South Dakota adopted a specific statute of limitations for § 1983 actions. Pursuant to SDCL 15-2-15.2, "[a]ny action brought under the federal civil rights statutes may be commenced only within three years after the alleged constitutional deprivation has occurred." This action was clearly filed beyond the three year statute of limitations. There is no period of limitations set forth in SDCL Chapter 15-2 applicable to the allegations set forth in the complaint which would extend the period of limitations sufficiently to make this action timely.

## II. Respondeat Superior.

Defendant Walworth County has also moved to dismiss on the basis that the complaint fails to allege facts warranting liability against Walworth County. Plaintiff's complaint contends that "the Thugs in Blue" put her in cuffs and took her to the hospital where "they" forcefully catheterized her and took her urine. She further alleges that the "Mobridge Police officers" then advised her she was free to go home. Plaintiff's complaint, read liberally, alleges actions by the City of Mobridge police officers, not Walworth County Sheriff's deputies.

Even if plaintiff's complaint could be construed as alleging action by Walworth County employees, plaintiff's complaint fails to state a claim against Walworth County. The United States Supreme Court held in Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *See* Calgaro v. St. Louis County, 919 F.2d 1054, 1058 (8th Cir. 2019) (applying Monell to claims against a county). "To hold the county liable when an agent or employee violates a plaintiff's constitutional rights, the violation must stem from an official municipal policy or custom." Thiel v. Korte, 954 F.3d 1125, 1129 (8th Cir. 2020). Plaintiff has not alleged that the officers who took her to the hospital for the alleged catheterization operated under a Walworth County policy or custom.

### III. Acts Under Color of State Law.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Cook v. City of Bella Villa, 582 F.3d 840, 848–49 (8th Cir. 2009), *quoting* West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. at 49, 108 S. Ct. at 2255, *quoting* United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

Mobridge Regional Hospital is not a governmental agency. It is a nonprofit corporation organized under the laws of South Dakota. https://sosenterprise.sd.gov/BusinessServices/Business/FilingDetail.aspx?CN=047055221093095116031077246027093204049232211002, visited April 19, 2021. Plaintiff has failed to respond to Mobridge Regional Hospital's motion to dismiss on the basis that it is not a state actor and the Court can discern no facts in plaintiff's complaint alleging that Mobridge Regional Hospital was acting under color of state law.

Now, therefore,

IT IS ORDERED:

1. Defendant Mobridge Regional Hospital's motion, Doc. 13, to dismiss is granted.
2. Defendant Walworth County's motion, Doc. 17, to dismiss is granted.
3. This matter is dismissed with prejudice and without costs.

DATED this 23rd day of April, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3